UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRANDIE GOODSON,

Plaintiff,

v.

PRESBYTERIAN HEALTHCARE SERVICES,

Defendant.

Case No.: 3:26-cv-02199-GPC-AHG

**ORDER DENYING JOINT MOTION TO STAY DISCOVERY AND GRANTING EXTENSION OF DISCOVERY DEADLINES**

**[ECF No. 15]**

Before the Court is the parties' joint motion to stay discovery. ECF No. 15. The parties seek to stay discovery, as well as extend all other remaining case management deadlines, while they prepare for private mediation. *Id*. at 2–3.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11-cv-492-GMN-CWH, 2012

WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that they have confirmed a private mediation with Joann Rezzo for November 19, 2026. ECF No. 15 at 2. As such, the parties seek to stay discovery so they can "focus their efforts on resolution of this matter." *Id*. The parties request to keep the stay in place until November 30, 2026. *Id*.

The Court appreciates that the parties have been working together. However, the Court does not find good cause to grant a stay. The Court, instead, will extend the discovery deadlines slightly. Should the mediation prove unsuccessful, the parties will have time to complete some discovery, and then they may file another joint motion for continuance that includes the precise discovery still outstanding, so that the Court may make tailored changes to the case schedule if needed. As such, the Court **DENIES** the parties' joint motion for a stay, but **GRANTS** the parties' request for an extension of deadlines. The Court orders as follows:

1. The Settlement Conference scheduled for December 16, 2026, is **VACATED**.

2. The Court **SETS** a Status Conference for **October 30, 2026** at **1:30 p.m.** before the Honorable Allison H. Goddard ***via videoconference***.

   a. By **October 23, 2026**, the parties must submit a joint update to the Court **via email** (**not filed**) (to efile_goddard@casd.uscourts.gov) regarding

whether they have shared the necessary information for the November 19, 2026, private mediation.

b. If the parties have shared the necessary information and no disputes have arisen, the Status Conference may be vacated.

c. Court staff will provide the Zoom invitation to counsel of record ahead of the Status Conference.

d. All participants shall display the same level of professionalism during the Status Conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

e. Counsel are advised that although the Status Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

3. By <u>**November 30, 2026**</u>, the parties must lodge **via email** (<u>**not filed**</u>) (to efile_goddard@casd.uscourts.gov) one of the following:

a. **If the parties reached a settlement during the private mediation**, the parties must lodge a Joint Status Report confirming the settlement and summarizing a settlement timeline (e.g., a proposed joint motion to dismiss deadline).

b. **If the parties did not reach a settlement during the private mediation**, each party must separately lodge a Confidential Status Report summarizing why the case did not settle.

c. **If the outcome of the private mediation is unknown** (e.g., due to a mediator's proposal under consideration), the parties must lodge a Joint

Status Report with the date by which the parties will know the outcome of the private mediation

4. All fact discovery shall be completed by all parties by **January 25, 2027**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

5. The parties shall designate their respective experts in writing by **February 25, 2027**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any

person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **March 25, 2027**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

6. By **February 25, 2027**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

7. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **March 25, 2027**.

8. All expert discovery shall be completed by all parties by **April 26, 2027**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All other deadlines set forth in the Court's Scheduling Order (ECF No. 14), **remain unchanged**, including the May 14, 2027, deadline for filing dispositive motions, the July 19, 2027, Mandatory Settlement Conference, and the October 1, 2027, pretrial conference.

**IT IS SO ORDERED.**

Dated: September 26, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge